[Civ. No. 7115.   Fourth Dist.   Jan. 6, 1964.]

ATHALIE IRVINE BURT, Plaintiff and Appellant, v. THE IRVINE COMPANY et al., Defendants and Respondents.

Loeb & Loeb, Howard I. Friedman and Launer, Chaffee, Hanna, Ward, Stack & Langhauser for Plaintiff and Appellant.

McCutchen, Doyle, Brown & Enersen, McCutchen, Black, Harnagel & Shea, McCutchen, Doyle, Brown, Trautman & Enersen, McCutchen, Black, Verleger & Shea, Morris M. Doyle and Howard J. Privett for Defendants and Respondents.

BROWN (Gerald), J.—The petitioner-appellant, Athalie Irvine Burt, is a director of respondent, The Irvine Company, a West Virginia corporation qualified to do business in California. The other respondents are or, at the beginning of the action involved herein, were directors of the company, and with the petitioner constituted its board of directors.

By resolution concurred in by all the directors other than petitioner, the board refused to allow petitioner's attorney to be present at a regular meeting of the board. Petitioner then applied to the superior court for a writ of mandate to compel respondents to permit her attorney to be present at all meetings of the board. This appeal is from a judgment of dismissal entered after a demurrer to the petition was sustained by the trial court without leave to amend.

Petitioner contends she has the legal right to be accompanied by her attorney at all meetings of the board. The parties agree this is an issue of substantive law to be determined under the law of West Virginia. We are referred to no case law in West Virginia or elsewhere which holds one way or the other respecting this problem. West Virginia statutes, however, provide:

"The board of directors may exercise all of the powers of the corporation, except such as are by law or by the charter or by the by-laws conferred upon and reserved to the stockholders." (2 West Virginia Code of 1955 and 1961, § 3029.)

"Every corporation may, ... determine ... the manner of conducting the meetings of ... directors. ... " (2 West Virginia Code of 1955 and 1961, § 3032.)

We believe that these sections allow the board to determine who shall or shall not attend board meetings, other than the directors themselves. This determination is to be made by the board of directors as a whole and not by directors individually. What circumstances may suggest the presence of persons other than the board members is left to the sound discretion of the corporation, acting through its board of directors.

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 4, 1964. Peters, J., was of the opinion that the petition should be granted.